UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


ROSELIE SWEET,

        Plaintiff,                                Hon. Ellen S. Carmody

v.                                                    Case No. 1:15-CV-376

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.
_____/

## **OPINION**

This is an action pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), to review a final decision of the Commissioner of Social Security denying Plaintiff's claim for Supplemental Security Income (SSI) under Title XVI of the Social Security Act.  On July 1, 2015, the parties agreed to proceed in this Court for all further proceedings, including an order of final judgment.  (ECF No. 12).

Section 405(g) limits the Court to a review of the administrative record and provides that if the Commissioner's decision is supported by substantial evidence it shall be conclusive.  The Commissioner has found that Plaintiff is not disabled within the meaning of the Act.  For the reasons stated below, the Court concludes that the Commissioner's decision is supported by substantial evidence.  Accordingly, the Commissioner's decision is **affirmed**.

## **STANDARD OF REVIEW**

The Court's jurisdiction is confined to a review of the Commissioner's decision and of the record made in the administrative hearing process. *See Willbanks v. Sec'y of Health and Human Services*, 847 F.2d 301, 303 (6th Cir. 1988). The scope of judicial review in a social security case is limited to determining whether the Commissioner applied the proper legal standards in making her decision and whether there exists in the record substantial evidence supporting that decision. *See Brainard v. Sec'y of Health and Human Services*, 889 F.2d 679, 681 (6th Cir. 1989).

The Court may not conduct a de novo review of the case, resolve evidentiary conflicts, or decide questions of credibility. *See Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). It is the Commissioner who is charged with finding the facts relevant to an application for disability benefits, and her findings are conclusive provided they are supported by substantial evidence. *See* 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla, but less than a preponderance. *See Cohen v. Sec'y of Dep't of Health and Human Services*, 964 F.2d 524, 528 (6th Cir. 1992) (citations omitted). It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993). In determining the substantiality of the evidence, the Court must consider the evidence on the record as a whole and take into account whatever in the record fairly detracts from its weight. *See Richardson v. Sec'y of Health and Human Services*, 735 F.2d 962, 963 (6th Cir. 1984).

As has been widely recognized, the substantial evidence standard presupposes the existence of a zone within which the decision maker can properly rule either way, without judicial interference. *See Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (citation omitted). This

standard affords to the administrative decision maker considerable latitude, and indicates that a decision supported by substantial evidence will not be reversed simply because the evidence would have supported a contrary decision. *See Bogle*, 998 F.2d at 347; *Mullen*, 800 F.2d at 545.

## PROCEDURAL POSTURE

Plaintiff was 22 years of age on her alleged disability onset date. (PageID.180). She possesses an eleventh grade education and has no past relevant work experience. (PageID.58, 74). Plaintiff applied for benefits on June 28, 2012, alleging that she had been disabled since December 31, 2008, due to learning disabilities, arthritis, scoliosis, asthma, heart murmur, inability to read or write, diabetes, carpal tunnel syndrome, and depression. (PageID.180-89, 202). Plaintiff's application was denied, after which time she requested a hearing before an Administrative Law Judge (ALJ). (PageID.101-77). On August 29, 2013, Plaintiff appeared before ALJ Dawn Gruenberg with testimony being offered by Plaintiff and a vocational expert. (PageID.69-99). In a written decision dated October 22, 2013, the ALJ determined that Plaintiff was not disabled. (PageID.50-59). The Appeals Council declined to review the ALJ's determination, rendering it the Commissioner's final decision in the matter. (PageID.39-42). Plaintiff subsequently initiated this pursuant to 42 U.S.C. § 405(g), seeking judicial review of the ALJ's decision.

**ANALYSIS OF THE ALJ'S DECISION**

The social security regulations articulate a five-step sequential process for evaluating disability. *See* 20 C.F.R. §§ 404.1520(a-f), 416.920(a-f).[1] If the Commissioner can make a dispositive finding at any point in the review, no further finding is required. *See* 20 C.F.R. §§ 404.1520(a), 416.920(a). The regulations also provide that if a claimant suffers from a nonexertional impairment as well as an exertional impairment, both are considered in determining her residual functional capacity. *See* 20 C.F.R. §§ 404.1545, 416.945.

The burden of establishing the right to benefits rests squarely on Plaintiff's shoulders, and she can satisfy her burden by demonstrating that her impairments are so severe that she is unable to perform her previous work, and cannot, considering her age, education, and work experience, perform any other substantial gainful employment existing in significant numbers in the national economy. *See* 42 U.S.C. § 423(d)(2)(A); *Cohen*, 964 F.2d at 528. While the burden of proof shifts to the Commissioner at step five of the sequential evaluation process, Plaintiff bears the burden of proof through step four of the procedure, the point at which her residual functioning capacity (RFC) is determined. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Walters v. Comm'r of Soc. Sec.*,

---

[1]
1. An individual who is working and engaging in substantial gainful activity will not be found to be "disabled" regardless of medical findings (20 C.F.R. §§ 404.1520(b), 416.920(b));

2. An individual who does not have a "severe impairment" will not be found "disabled" (20 C.F.R. §§ 404.1520(c), 416.920(c));

3. If an individual is not working and is suffering from a severe impairment which meets the duration requirement and which "meets or equals" a listed impairment in Appendix 1 of Subpart P of Regulations No. 4, a finding of "disabled" will be made without consideration of vocational factors. (20 C.F.R. §§ 404.1520(d), 416.920(d));

4. If an individual is capable of performing her past relevant work, a finding of "not disabled" must be made (20 C.F.R. §§ 404.1520(e), 416.920(e));

5. If an individual's impairment is so severe as to preclude the performance of past work, other factors including age, education, past work experience, and residual functional capacity must be considered to determine if other work can be performed (20 C.F.R. §§ 404.1520(f), 416.920(f)).

127 F.3d 525, 528 (6th Cir. 1997) (ALJ determines RFC at step four, at which point claimant bears the burden of proof).

The ALJ determined that Plaintiff suffers from: (1) scoliosis; (2) obesity; (3) carpal tunnel syndrome; (4) borderline intellectual functioning; (5) personality disorder; and (6) dysthymic disorder, severe impairments that whether considered alone or in combination with other impairments, failed to satisfy the requirements of any impairment identified in the Listing of Impairments detailed in 20 C.F.R., Part 404, Subpart P, Appendix 1. (PageID.52-54).

With respect to Plaintiff's residual functional capacity, the ALJ found that Plaintiff retained the ability to perform light work subject to the following limitations: (1) she can frequently handle and finger; (2) she requires a sit/stand option; (3) she should avoid concentrated exposure to fumes, dusts, gases, and poor ventilation; (4) she can perform simple tasks on a sustained basis with no fast paced or assembly line work; and (5) she would work best alone or in small, familiar groups with only superficial contact with others. (PageID.54).

The ALJ found that Plaintiff had no past relevant work at which point the burden of proof shifted to the Commissioner to establish by substantial evidence that a significant number of jobs exist in the national economy which Plaintiff could perform, her limitations notwithstanding. *See Richardson*, 735 F.2d at 964. While the ALJ is not required to question a vocational expert on this issue, "a finding supported by substantial evidence that a claimant has the vocational qualifications to perform specific jobs" is needed to meet the burden. *O'Banner v. Sec'y of Health and Human Services*, 587 F.2d 321, 323 (6th Cir. 1978) (emphasis added). This standard requires more than mere intuition or conjecture by the ALJ that the claimant can perform specific jobs in the national economy. *See Richardson*, 735 F.2d at 964. Accordingly, ALJs routinely question

5

vocational experts in an attempt to determine whether there exist a significant number of jobs which a particular claimant can perform, his limitations notwithstanding. Such was the case here, as the ALJ questioned a vocational expert.

The vocational expert testified that there existed approximately 3,000 jobs in the state of Michigan and approximately 285,000 jobs nationwide, which an individual with Plaintiff's RFC could perform, such limitations notwithstanding. (PageID.93-96). This represents a significant number of jobs. *See Born v. Sec'y of Health and Human Services*, 923 F.2d 1168, 1174 (6th Cir. 1990); *Hall v. Bowen*, 837 F.2d 272, 274 (6th Cir. 1988); *Martin v. Commissioner of Social Security*, 170 Fed. Appx. 369, 374 (6th Cir., Mar. 1, 2006). The ALJ concluded, therefore, that Plaintiff was not entitled to disability benefits.

I.        **The ALJ Properly Assessed Dr. DeLoach's Opinion**

As part of the administrative review of Plaintiff's disability application, a mental residual functional capacity assessment was performed by records reviewer Joe DeLoach, Ph.D. (PageID.115-16). DeLoach reported that Plaintiff was "moderately limited" in several areas of functioning. (PageID.115-16). Plaintiff argues that she is entitled to relief because the ALJ "failed to adopt the limitations he opined, and failed to explain why these limitations were rejected." (PageID.1027-28).

Plaintiff has mischaracterized DeLoach's opinion. While DeLoach did characterize as "moderately limited" Plaintiff's functioning in certain areas of functioning, Plaintiff ignores, however, DeLoach's ultimate opinion:

> Claimant's understanding and memory are adequate for simple tasks.
> The MER showed claimant has sensorium and mental capacity that

>is adequate for simple tasks. Concentration and persistence are moderately limited. Social functioning is moderately impaired and adaptation is sufficient for the competitive work environment. Treatment notes show she is improving. Case Manager provided a MFRC which suggests that claimant would have a problem working at simple and repetitive tasks, but this MSS is given little weight as it is not consistent with the preponderance of evidence in file. Claimant retains the capacity to perform simple and repetitive tasks on a sustained basis.

(PageID.116).

>With respect to DeLoach's opinion, the ALJ stated as follows:

>State psychological expert Joe DeLoach, Ph.D., opined that the claimant has the capacity to perform simple and repetitive tasks on a sustained basis (5A). The undersigned gives great weight to this opinion, as it is consistent with the claimant's reported ability to follow instructions, pay attention for up to four hours at a time, count change, pay her bills, and read (11E). It is also consistent with [the] medical record, which indicates that the claimant is not eligible for community mental health services, based on her adequate functioning (19F/3). However, based on the claimant's testimony, the undersigned has further restricted her to work in small groups and no fast paced work.

(PageID.57).

Contrary to Plaintiff's argument, DeLoach's opinion is not inconsistent with the ALJ's RFC finding. Moreover, the ALJ adopted DeLoach's opinion. Moreover, the ALJ's RFC is supported by substantial evidence. Accordingly, this argument is rejected.

7

**II.       The ALJ Properly Assessed Plaintiff's Credibility**

At the administrative hearing, Plaintiff testified that she was far more limited than the ALJ recognized. The ALJ, however, afforded limited weight to Plaintiff's subjective allegations. Plaintiff argues that she is entitled to relief because the ALJ improperly discounted her testimony.

As the Sixth Circuit has long recognized, "pain alone, if the result of a medical impairment, *may* be severe enough to constitute disability." *King v. Heckler*, 742 F.2d 968, 974 (6th Cir. 1984) (emphasis added); *see also*, *Grecol v. Halter*, 46 Fed. Appx. 773, 775 (6th Cir., Aug. 29, 2002) (same). As the relevant Social Security regulations make clear, however, a claimant's "statements about [his] pain or other symptoms will not alone establish that [he is] disabled." 20 C.F.R. § 404.1529(a); *see also*, *Walters v. Commissioner of Social Security*, 127 F.3d 525, 531 (6th Cir. 1997) (quoting 20 C.F.R. § 404.1529(a)) *Hash v. Commissioner of Social Security*, 309 Fed. Appx. 981, 989 (6th Cir., Feb. 10, 2009). Instead, as the Sixth Circuit has established, a claimant's assertions of disabling pain and limitation are evaluated pursuant to the following standard:

> First, we examine whether there is objective medical evidence of an underlying medical condition. If there is, we then examine: (1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

*Walters*, 127 F.3d at 531 (citations omitted). This standard is often referred to as the *Duncan* standard. *See Workman v. Commissioner of Social Security*, 105 Fed. Appx. 794, 801 (6th Cir., July 29, 2004).

Accordingly, as the Sixth Circuit has repeatedly held, "subjective complaints may support a finding of disability only where objective medical evidence confirms the severity of the alleged symptoms." *Id.* (citing *Blankenship v. Bowen*, 874 F.2d 1116, 1123 (6th Cir. 1989)).

However, where the objective medical evidence fails to confirm the severity of a claimant's subjective allegations, the ALJ "has the power and discretion to weigh all of the evidence and to resolve the significant conflicts in the administrative record." *Workman*, 105 Fed. Appx. at 801 (citing *Walters*, 127 F.3d at 531).

In this respect, it is recognized that the ALJ's credibility assessment "must be accorded great weight and deference." *Workman*, 105 Fed. Appx. at 801 (citing *Walters*, 127 F.3d at 531); *see also*, *Heston v. Commissioner of Social Security*, 245 F.3d 528, 536 (6th Cir. 2001) ("[i]t is for the [Commissioner] and his examiner, as the fact-finders, to pass upon the credibility of the witnesses and weigh and evaluate their testimony"). It is not for this Court to reevaluate such evidence anew, and so long as the ALJ's determination is supported by substantial evidence, it must stand. The ALJ found Plaintiff's subjective allegations to not be fully credible, a finding that should not be lightly disregarded. *See Varley v. Sec'y of Health and Human Services*, 820 F.2d 777, 780 (6th Cir. 1987). In fact, as the Sixth Circuit recently stated, "[w]e have held that an administrative law judge's credibility findings are virtually unchallengeable." *Ritchie v. Commissioner of Social Security*, 540 Fed. Appx. 508, 511 (6th Cir., Oct. 4, 2013) (citation omitted).

In his decision denying Plaintiff's claim for benefits, the ALJ articulated the following rationale for discrediting Plaintiff's credibility:

> After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible for the reasons explained in this decision.
>
> In reaching this conclusion, the undersigned finds the claimant credible to the extent that she testified that she is has difficulty lifting, or sitting or standing for prolonged periods. Therefore, the

> undersigned has restricted the claimant to light work with a sit/stand option. Due to her history of carpal tunnel syndrome, she has been limited to frequent handling and fingering. Work around concentrated exposure to pollutants was precluded to account for the claimant's respiratory impairment. The mental restrictions in the residual functional capacity account for the claimant's moderate difficulties in social functioning and maintaining concentration, persistence, or pace, which were discussed earlier in the decision.
>
> However, the claimant's allegations that she is incapable of all work activity are not credible. The medical record does not support the extreme limitations alleged by the claimant at the hearing. For example, aside from mild scoliosis, all imaging studies of the claimant's joints and spine revealed no significant abnormalities (15F/50-65, 24F/6). Mr. Bliss also stated that the claimant did not have any significant problems from a physical standpoint (24F/3). Although she stated that she is unable to sit for longer than forty-five seconds, the claimant was able to remain seated throughout the fifty minute long hearing without apparent discomfort. She testified that she has significant concentration problems, including an inability to crochet longer than forty-five seconds without getting distracted. However, in her function report, the claimant stated that she was able to pay attention for up to four hours at a time (11E). The claimant also reported significant social limitations, including an inability to leave her home alone or be around groups of people. However, she testified that she is able to spend time in Wal-Mart, go to the library, and use public transportation. Moreover, in October 2012, the claimant described herself as friendly and stated that she enjoys people (23F/2). Weighing all relevant factors, the undersigned concludes that the claimant's subjective complaints do not warrant any additional limitations beyond those established in the residual functional capacity outlined in this decision.

(PageID.56).

The ALJ's characterization of the evidence is accurate and her conclusions are consistent with the record as a whole. In sum, the ALJ's determination to discount Plaintiff's credibility is supported by substantial evidence. This argument is, therefore, rejected.

**III.     The ALJ Properly Developed the Record**

Plaintiff argues that the ALJ failed to properly develop the record in this matter. Specifically, Plaintiff argues that because "evidence substantiates strongly that [she] has an intellectual disability," the ALJ "should have ordered a consultive intelligence examination." (PageID.1026). The Court is not persuaded.

It is well accepted that it is the claimant's "responsibility to provide medical evidence showing that [s]he is disabled." *Smith v. Commissioner of Social Security*, 2011 WL 3421538 at *2 (W.D. Mich., Aug. 4, 2011). While the ALJ must ensure that every claimant receives a full and fair hearing, where a claimant is represented by counsel, as was the case presently, "the ALJ may ordinarily rely on counsel to present the claimant's case and to develop [her] claims." *Woelk v. Commissioner of Social Security*, 2014 WL 2931411 at *2 (E.D. Mich., June 30, 2014).

Moreover, an ALJ is not obligated to supplement the record with additional evidence unless the record as it then exists is insufficient to assess Plaintiff's residual functional capacity or otherwise resolve her claims. *See, e.g., Allison v. Apfel*, 2000 WL 1276950 at *5 (6th Cir., Aug. 30, 2000); *Lamb v. Barnhart*, 85 Fed. Appx. 52, 57 (10th Cir., Dec. 11, 2003); *Haney v. Astrue*, 2010 WL 3859778 at *3 (E.D. Okla., Sept. 15, 2010); *Brown v. Commissioner of Social Security*, 709 F.Supp.2d 248, 257 (S.D.N.Y. 2010). As is recognized, "how much evidence to gather is a subject on which district courts must respect the Secretary's reasoned judgment." *Simpson v. Commissioner of Social Security*, 2009 WL 2628355 at *8 (6th Cir., Aug. 27, 2009) (citation omitted). As the court further observed, to obligate the Commissioner to obtain an absolute "complete record" in each case "literally would be a formula for paralysis." *Id.* (citation omitted).

11

The ALJ determined that the record before him was sufficient to resolve Plaintiff's claim for benefits. The record contains almost seven hundred (700) pages of medical records including the results of two consultive psychological examinations. (PageID.442-46, 606-09). This evidence demonstrates that Plaintiff suffers from borderline intellectual functioning as the ALJ recognized. Plaintiff's argument that the ALJ should have procured a *third* such examination appears to be based on nothing more than her disagreement with the conclusions reached by the first two examiners. Such is not a basis for obtaining relief. Accordingly, this argument is rejected.

**IV.     The ALJ Properly Relied on the Vocational Expert's Testimony**

According to Social Security Ruling 00-4p, whenever a vocational expert "provides evidence about the requirements of a job or occupation, the [ALJ] has an affirmative responsibility to ask about any possible conflict between that [vocational expert] evidence and information provided in the DOT [Dictionary of Occupational Titles]." Titles II and XVI: Use of Vocational Expert and Vocational Specialist Evidence, and Other Reliable Occupational Information in Disability Decisions, SSR 00-4p, 2000 WL 1898704 at *4 (S.S.R., Dec. 4, 2000). Plaintiff asserts that she is entitled to relief because the ALJ failed to question the vocational expert about conflicts between his testimony and the information contained in the DOT.

At the outset of his testimony, the vocational expert stated this his testimony would be "consistent with the DOT unless [he] state[d] otherwise." (PageID.90). The vocational expert then testified that there existed a significant number of jobs which an individual with Plaintiff's RFC could perform, such limitations notwithstanding. (PageID.93-96). For each job identified, the vocational expert identified the relevant DOT code associated with such job and did not identify any

inconsistency between his testimony and the DOT. (PageID.93-96). Plaintiff now asserts that the vocational expert's testimony was, in fact, inconsistent with the DOT.

If Plaintiff believed that the vocational expert's testimony conflicted with the DOT, she had an obligation to address the issue at the administrative hearing rather than raising it in the first instance in this Court. *See Beinlich v. Commissioner of Social Security*, 345 Fed. Appx. 163, 168-69 (6th Cir., Sept. 9, 2009) (where plaintiff "had the opportunity to cross-examine the [vocational expert] and bring out any conflicts with the DOT. . .[t]he fact that plaintiff's counsel did not do so is not grounds for relief"); *Ledford v. Astrue*, 311 Fed. Appx. 746, 757 (6th Cir., Dec. 19, 2008) (where claimant "did not bring to the attention of the [ALJ] the alleged conflict between the oral testimony and the job descriptions in the [DOT]," the court observed that "nothing in applicable Social Security regulations requires the [ALJ] to conduct his or her own investigation into the testimony of a vocational expert to determine its accuracy, especially when the claimant fails to bring any conflict to the attention of the [ALJ]"). In sum, the Court discerns no error in the ALJ's questioning of the vocational expert or in her reliance on the vocational expert's testimony.

## CONCLUSION

For the reasons articulated herein, the Court concludes that the ALJ's decision is supported by substantial evidence. Accordingly, the Commissioner's decision is **affirmed**. The Court further determines that appeal of this matter would not be taken in good faith. *See Smith v. Commissioner of Social Security*, 1999 WL 1336109 at *2 (6th Cir., Dec. 20, 1999); *Leal v. Commissioner of Social Security*, 2015 WL 731311 at *2 (N.D. Ohio, Feb. 19, 2015); 28 U.S.C. § 1915(a)(3). A judgment consistent with this opinion will enter.


Date:  August 5, 2016                                    /s/ Ellen S. Carmody
                                                         ELLEN S. CARMODY
                                                         United States Magistrate Judge